CHICOPEE FOLDING BOX CO. *v.* ROGERS.

(*Circuit Court, S. D. New York.* April 15, 1887.)

PATENTS FOR INVENTIONS—CLAIM FOR PROCESS.
The language of one of the claims of a patent was as follows: "In the art of scoring or creasing paper or other kindred substances, preparatory to bending the same for use in the manufacture of paper boxes and similar articles, the step herein set forth, which consists in making the crease or score by means of successive blows or pressures, the first of which is lighter than the following one." *Held*, that this was a claim for a general process, and was not ground for an action for infringement.

This was an action for infringement of letters patent, No. 298,425, to John E. Stannard, for a machine for creasing paper. The first claim in the patent was:

"In the art of scoring or creasing paper or other kindred substances, preparatory to bending the same for use in the manufacture of paper boxes and similar articles, the step herein set forth, which consists in making the crease or score by means of successive blows *or pressures*, the first of which is lighter than the following one."

*Walter D Edmonds*, for complainant.
*R. B. McMaster*, for defendant.

WALLACE, J. The first claim of the patent in suit (No. 298,425, granted May 13, 1884, to John E. Stannard for machine for creasing paper) is a bald attempt to patent the function of the machine described in the specification, or the result of a mechanical operation which the operator must learn how to perform for himself without aid from the specification. No mechanism for creasing paper "by means of successive blows or pressures" is suggested in the specification, except the combination of devices covered by the third claim of the patent, and no instruction is given how to take "the step" which is the subject of the first claim, unless by the use of those devices.

The third claim fully and accurately embodies the real invention of the patentee. The complainant's case must stand or fall upon the infringement of that claim by the defendant. Novelty is imparted to that claim by the peculiar grooves or channels in the cam disks, all the other elements being old, separately, and in the combination claimed. The new result is produced by making the groove of the cam "with two inward trends towards the shaft 9—one at 21, and the other at 23, the latter extending inward nearer the shaft than the other—and with an outward swell or trend between them, as clearly shown in Fig. 2." The peculiar shape of the groove is the gist of Stannard's invention. The proofs show that the defendant has never infringed this claim. He had altered the cam grooves in the Elmer machines to plain eccentrics, in February, 1884, before the complainant's patent was granted. He did this for the express purpose of avoiding litigation, after the interference had been declared in the patent-office between the Elmer patent and the application of Stannard. His conduct towards the complainant throughout shows good faith. The complainant assumed that the defendant was using the original Elmer machines constructed according to Elmer's patent; he acquired Stannard's patent as soon as it was granted, and brought this suit the day after against the defendant. After the suit was brought, being met with proofs that the Elmer machines had been altered before the issue of the Stannard patent, so that they did not employ the real invention of Stannard, the complainant has fallen back upon the worthless first claim of the patent. The bill as to infringement is dismissed with costs.

The bill prays for the cancellation of the Elmer patent owned by the defendant, as an interfering patent. The adjudication of the patent-

office that Stannard was the prior inventor in the interference proceeding to which the defendant was a party is sufficient *prima facie* to entitle complainant to this relief. But it does not appear that the defendant has ever asserted any rights under the Elmer patent, and, when the interference was declared, he permitted the proceeding to go by default. Under these circumstances, and as no issue has been made by the defendant by pleading or proof upon this branch of the case, costs should not be decreed against him.